UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROUMMEL JEROME INGRAM,

        Plaintiff,                    Case Number 22-10434
v.                                          Honorable David M. Lawson
                                              Magistrate Judge David R. Grand
SERGEANT ZAMENSKI,

        Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING
DEFENDANT'S OBJECTION, GRANTING IN PART DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT, AND CONTINUING REFERENCE TO THE
ASSIGNED MAGISTRATE JUDGE**

Presently before the Court is the report issued on February 28, 2023 by Magistrate Judge David R. Grand pursuant to 28 U.S.C. § 636(b), recommending that the Court grant in part and deny in part the defendant's motion for summary judgment, dismiss the plaintiff's claims under the First and Eighth Amendments due to the plaintiff's failure to exhaust the administrative process on his grievances relating to those claims, and deny the defendant's request to dismiss the plaintiff's Fifth and Fourteenth Amendment claims because the record presented by the defendant was not sufficiently developed to support a dispositive ruling on whether the plaintiff's grievances raising those claims were subject to prison policies that barred the filing of a grievance on certain types of claims.

The deadline for filing objections to the report has passed, and the plaintiff has not filed any objections to the recommendation. The Court notes that a mailed copy of the report and recommendation was returned as undeliverable, but the record also suggests that, despite prior warnings, the plaintiff has failed to update his mailing address on file. However, the defendant presented a single objection in which he argues that the recommendation should be rejected based

on evidence that was not presented to the magistrate judge, which the defendant says establishes that the due process claims also should be dismissed.

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The defendant's sole objection to the recommendation for partial denial of his motion is premised on new evidence in an affidavit attached to the objection, which he admits was not presented as part of the motion record and which was not previously considered by the magistrate judge. The magistrate judge included in the report the following observation about the defendant's presentation relating to the due process claims:

> [Zamenski], who bears the initial burden to establish the absence of a material factual question in the record, does not specifically address Ingram's due process claim at all, much less present any evidence disputing Ingram's allegations as to Zamenski's handling of the Out-of-Place Misconduct Report. Because the record is not sufficiently developed as to the circumstances surrounding the Out-of-Place Misconduct Report, there are material factual questions as to whether Ingram's due-process claim was non-grievable under the Policy as a challenge to "a decision made in a Class II or Class III misconduct hearing" and/or as "issues directly related to the hearing process."

R&R, ECF No. 19, PageID.181. In his objection, the defendant cites an attached affidavit as evidence that he says establishes that the misconduct report in question was "not grievable" under the applicable prison policies. However, as the defendant concedes, "an objection is not the appropriate vehicle to introduce additional evidence." "Courts have held that while the Magistrate

Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Syroka v. Ingham County Treasurer*, No. 22-169, 2023 WL 2263271, at *1 (W.D. Mich. Feb. 28, 2023) ("[T]he Court declines to consider the supplemental evidence that Plaintiff submitted with his objections. Objections to the Report and Recommendation are not the place to present new evidence.").

Moreover, the defendant's belated attempt to submit new evidence bearing on the unresolved fact issue does not call into question the magistrate judge's conclusion that the defendant failed to present an adequately developed summary judgment record to permit judgment as a matter of law. Instead, the procedurally misplaced effort to introduce "new evidence" which allegedly resolves the open question merely corroborates the magistrate judge's conclusion that the previously presented record was inadequate. There was no error in that conclusion, and the defendant's objection is not well taken.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 19) is **ADOPTED**, and the defendant's objection (ECF No. 20) is **OVERRULED**.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 15) is **GRANTED IN PART AND DENIED IN PART**. The plaintiff's claims under the First and Eighth Amendments are **DISMISSED WITHOUT PREJUDICE**. The motion is **DENIED** in all other respects.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: March 22, 2023